**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

St. Paul Fire and Marine
Insurance Company and St. Paul
Guardian Insurance Company,

Petitioners,

v.

Courtney Enterprises, Inc.,

Respondent.

**ORDER**
Civil No. 00-1390 ADM/AJB

---

Michael R. Cashman, Esq., and Chad A. Snyder, Esq., Zelle, Hofmann, Voelbel & Gette, L.L.P., Minneapolis, Minnesota, appeared for and on behalf of the Petitioners.

Carey S. Davis, Esq., Martyn B. Hill, Esq., Pagel, Davis & Hill, P.C., Houston, Texas; Andrew S. Birrell, Esq., and Charles D. Slane, Esq., Birrell, Dunlap & Ritts, Minneapolis, Minnesota, appeared for and on behalf of the Respondent.

---

On August 9, 2000, the undersigned United States District Judge granted Petitioners' petition to compel arbitration. On September 11, 2000, Respondent Courtney filed a notice of appeal to the Eighth Circuit. On the same day, Courtney submitted a letter to this Court requesting leave to file a motion to reconsider the August 9, 2000 Order. For the reasons set forth below, Courtney's request for leave to amend or modify the judgment is denied.

Courtney has failed to specify its authority for seeking reconsideration. The Court construes Courtney's request as one made pursuant to Fed. R. Civ. P. 59(e). Courtney's motion for reconsideration pursuant to Rule 59(e) is untimely.

Adopted to clarify a district court's power to correct its own mistakes in the ten-day period immediately following entry of judgment, Fed. R. Civ. P. 59(e) reads: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." The ten-

FILED SEP 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

day period has passed and this Court is without jurisdiction to amend or alter the final judgment pursuant to Rule 59(e). See Spangle v. Ming Tah Elec. Co., 866 F.2d 1002, 1003 (8th Cir. 1989); Fed. R. Civ. P. 6(b).

Courtney's request would be denied even if asserted pursuant to Rule 60(b)(6). "Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances." Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc., 194 F.3d 922, 925 (8th Cir. 1999); see also Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904-05 (8th Cir. 1997). The arguments asserted by Courtney are insufficient to rise to the level of "extraordinary circumstances." Moreover, Rule 60(b) is an inappropriate vehicle for rearguing the merits already addressed by this Court. See, e.g., Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's request for leave to file a motion for reconsideration is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2000