**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ST. PAUL FIRE AND MARINE INSURANCE COMPANY and ST. PAUL GUARDIAN INSURANCE COMPANY,

Petitioners,

v.

COURTNEY ENTERPRISES, INC.,

Respondent.

Civil No. 00-1390 ADM/AJB

**ORDER**

---

The above matter came before the Court on various motions by the parties. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT**:

1. Petitioners' Motion to Designate and Appoint an Arbitrator [Docket No. 18] is **denied** conditioned upon Respondent designating and appointing an arbitrator within 30 days of this Order;

2. Respondent's Motion to Strike and Respondent's Amended Motion to Strike are **denied** [Docket Nos. 21 & 27];

3. Respondent's Motion for Stay of Proceedings Pending Appeal is **denied** [Docket No. 24];

4. Petitioners' Motion to Postpone Hearing on Respondent's Motion for Stay is **denied** [Docket No. 28];

5. Petitioners' Motion to Transfer Respondent's Motion for Stay is **denied** [Docket No. 29];

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

6. Petitioners' Motion to File Reply Memorandum in Support of the Motion for Correction is **denied** [Docket No. ];

7. Petitioners' Motion for Correction is **denied** [Docket No. 31].

Dated: 11/7/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

This case began with Petitioners filing a Petition to Compel Arbitration. United States District Judge, Ann D. Montgomery, granted the petition in an Order dated August 9, 2000 ("August 9 Order"). Both parties agree that, since that ruling, Respondent has failed to designate and appoint an arbitrator.

Petitioners ask that the August 9 Order be corrected to state that (1) the parties have a valid agreement to arbitrate, (2) Respondent has failed to engage in arbitration and (3) the August 9 Order was interlocutory as contemplated by 9 U.S.C. § 16(b)(2). In addition, Petitioners move pursuant to 9 U.S.C. § 5, for the Court to designate and appoint an arbitrator for Respondent. Lastly, Respondent moves pursuant to FED. R. CIV. P. 62, for stay of enforcement of the August 9 Order.

**A. Motion for Correction**

First, Respondent does not deny its failure to engage in arbitration. There is no reason that the August 9 Order must explicitly point out this fact.

Next, Petitioners argue that, because Respondent raised the issue of the enforceability of the arbitration provision and because Judge Montgomery ordered arbitration, there was an implicit finding that the provision is enforceable. However, as will be discussed further below,

Respondent never specifically challenged the enforceability of the arbitration provision. Thus, this Court sees no reason why Judge Montgomery should have made an explicit finding in that regard.

Lastly, Petitioners contend that Judge Montgomery intended to issue her August 9 Order as an interlocutory order as contemplated by 9 U.S.C. § 16(b)(2). This assumes that Judge Montgomery could make the August 9 Order interlocutory by merely labeling it as such. The Eighth Circuit has clearly stated that an order to arbitrate is considered either final or interlocutory by virtue of the context within which the order is made. If an arbitration order is the product of an "embedded" proceeding, it is considered interlocutory for purposes of appeal. If an arbitration order is the product of an "independent" proceeding, it is considered final for purposes of appeal. Gammaro v. Thorp Consumer Discount Co., 15 F.3d 93, 95 (8th Cir. 1994) (citations omitted). The August 9 Order was clearly the product of an "independent" proceeding, as defined by Gammaro. Therefore, the August 9 Order is final and appealable.

For the foregoing reasons, Petitioners' Motion for Correction is denied.

**B. Motion for Stay of Proceedings**

Both parties agree that the framework to be used in deciding whether stay should be granted is as follows:

> (1) [W]hether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the opposing party; and (4) the public interest.

*In re* Workers' Compensation Refund, 851 F.Supp. 1399, 1401 (D.Minn. 1994) (citing Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)).

Respondent argues that, on appeal, there is a substantial likelihood of success on the following issues: (1) whether Judge Montgomery erred by not ruling on the enforceability of the

arbitration provision and (2) whether Judge Montgomery erred in concluding that personal jurisdiction existed over Respondent in this case.

Respondent argues that Eighth Circuit precedent requires a District Court, before ordering arbitration, to decide whether the arbitration provision is enforceable. For this proposition, Respondent cites Barker v. Golf U.S.A., Inc., 154 F.3d 788 (8th Cir. 1998). However, Barker explains that, a District Court can evaluate, using "general" contract principles, whether the parties have properly included an arbitration provision in an agreement. On the other hand, Barker explains, the legality of the *overall* agreement is a matter for the arbitrator. Id. at 791. In this case, Respondent did not challenge the inclusion of the arbitration provision in the overall agreement, but instead, challenged the legality of the overall agreement. According to Barker, Judge Montgomery properly refrained from addressing that issue.

With respect to the personal jurisdiction issue, this Court does not see the need to trace the steps of Judge Montgomery. Respondent does not offer any argument that was not before Judge Montgomery. The August 9 Order presents a very thorough analysis of the issue. In addition, Respondent does not present any "novel" approach to a personal jurisdiction analysis. See *In re* Workers' Compensation Refund, 851 F.Supp. at 1401 (noting that a court may stay an order where such order involves substantial and novel legal questions). Therefore, the Respondent has not convinced this Court that there is a substantial likelihood of a successful appeal on the issue of personal jurisdiction.

In support of its claim of irreparable harm, Respondent argues that, without the stay, it would be forced to expend time and resources in arbitration. They further argue that these expenditures would never be recoverable. This argument is without merit. Painewebber Inc. v. Farnam, 843 F.2d 1050, 1051 (7th Cir. 1988) (citations omitted); Renegotiation Board v.

Bannercraft Clothing Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (citations omitted).

Finally, although the last two Braunskill factors do not weigh in either direction, the first two factors weigh against Respondent's request for stay. Therefore, the Court denies this request.

**C. Motion to Designate and Appoint Arbitrator**

Respondent has agreed that, if stay is denied, they shall appoint an arbitrator and proceed with arbitration. Petitioners argue that, according to 9 U.S.C. § 5, the Court *must* appoint an arbitrator. However, it does not appear that Respondent has made a bad-faith request for stay. The Court does not construe the Arbitration Act to mandate the appointment of an arbitrator where a party has made a legitimate (albeit unsuccessful) request for stay.